# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0718V
(not to be published)

| | |
|---|---|
| SHEILA CHILLE,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: October 30, 2019<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*John L. DeFazio*, Viola Cummings and Lindsay, LLP, Niagara Falls, NY, *for Petitioner.*

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, *for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 21, 2018, Sheila Chille, ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), alleging that she suffered a left shoulder injury as a result of receiving the tetanus-diphtheria-acellular pertussis ('Tdap') vaccination on August 16, 2016, and that she experienced residual effects of this injury for more than six months. (Petition at 1). On June 26, 2019, a decision was issued by then-Chief Special Master Nora Beth Dorsey awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 22).

Petitioner has now filed a motion for attorney's fees and costs, dated September 16, 2019 (ECF No. 27.), requesting a total award of $23,569.10 (representing $23,130.00

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in fees plus $439.10 in costs).  Pursuant to General Order #9, counsel for Petitioner filed a signed statement that Petitioner did not incur out-of-pocket costs in pursuit of this litigation. (ECF No. 27-3). Respondent reacted to the motion on September 16, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to the courts discretion to determine the amount to be awarded.  (ECF No. 28).  Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$22,694.60**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the rate of $300 per hour for her attorney John L. DeFazio, M.D., Esq.  This is the first time a special master has considered the reasonableness of a rate requested for Dr. DeFazio. Dr. DeFazio states that he is a licensed physician and

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

2

has been practicing law since 2002, placing him in the range of 11-19 years of experience on the hourly rate fee schedules at all time while performing work on this case.[4] I therefore find his requested rate of $300 per hour to be reasonable.

The overall hours spend on this matter (77.1 hours) appear to be mostly reasonable. I do find a minor adjustment to be made for paralegal tasks billed at the attorney rate. Dr. DeFazio billed for tasks that are considered more paralegal including, "Preparation of intake document letter to client", "Preparation of authorization for all medical providers", "Exhibits prepared and submitted" and "Confirmation that letter was sent to client." For the tasks considered paralegal, I reduce the hourly rate from $300 to $135 per hour.  This reduced the final award of attorney's fees by **$874.50**.[5]

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $439.10 in overall costs.  (ECF No. 27-2 at 1). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and although Petitioner did not provide adequate documentation in support of her request, I find the overall amount to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$22,694.60** (representing $22,255.50 in attorney's fees and $439.10 in

---

[4] The date Dr. DeFazio was barred was located based on independent research by the Court. https://www.avvo.com/attorneys/john-defazio-984068.html The 2015 - 2019 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/node/2914.

[5] ($300.00 per hour requested - $135 per hour awarded) * 5.3 hours = $874.50.

costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, John L. DeFazio, M.D., Esq.  In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.